# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Charles Lee Burkhamer, Jr.,**
**Plaintiff Below, Petitioner**

**FILED**

May 30, 2014

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 13-0930** (Fayette County 12-C-289)

**City of Montgomery,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Charles Lee Burkhamer, Jr., by counsel Michael T. Clifford and Richelle K. Garlow, appeals the July 18, 2013, order of the Circuit Court of Fayette County granting summary judgment in favor of Respondent City of Montgomery regarding petitioner's claim that respondent failed to hire him in contravention of public policy. Respondent, by counsel John L. MacCorkle, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts as alleged by petitioner in his complaint are as follows: At all times relevant, petitioner was employed as a police officer for the City of Smithers, West Virginia. He filed a complaint in the Circuit Court of Fayette County against respondent alleging that in February of 2012, he filed an application for employment as a police officer with respondent. He further alleged that he discussed his application with John Knauff, respondent's police chief, who told petitioner that he could not be hired as a police officer because he had once arrested respondent's Street Commissioner, Billy Huddleston, for driving under the influence ("DUI"),[1] and that "to hire [petitioner] would be like waiving [sic] the same in the Street Commissioner's face." Petitioner alleged that, thereafter, Police Chief Knauff approached him on the street and

> advised him that he understood that [petitioner] was preparing to file a law suit
> against the defendant City, but that petitioner didn't need to file such a suit, as

---

[1]According to petitioner, Huddleston ultimately pled guilty to second offense DUI.

1

Kauff would hire him just as soon as Lt. James Ivy was removed from the payroll.[2]

Petitioner alleged that he testified favorably for Lt. Ivy as a subpoenaed witness at Ivy's administrative hearing on July 28, 2012; that, thereafter, petitioner believed that Lt. Ivy was no longer employed by respondent; and that, when petitioner eventually reapplied for employment with respondent, he did not receive a response to his application.

Petitioner argues that respondent refused to hire him because he arrested respondent's Street Commissioner for DUI and provided testimony favorable to Lt. Ivy during his administrative hearing. In his complaint, Petitioner alleged a heretofore unrecognized claim of "failure to hire in contravention of public policy," relying on *Harless v. First National Bank of Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978) and *Toth v. Board of Parks and Recreation Commissioners*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Respondent filed an answer, in which it denied the vast majority of the allegations set forth in the complaint.[3] On or about April 3, 2013, respondent filed a motion for summary judgment, to which petitioner replied. By order entered July 18, 2013, the circuit court granted respondent's motion for summary judgment, concluding that, "as a matter of law, a 'failure to hire' cause of action has not been recognized by statute or by a decision of the Supreme Court of Appeals. Thus, permitting this matter to proceed would not be in the interests of judicial economy or efficiency." This appeal followed.

On appeal, we review a summary judgment order under a de novo standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Summary judgment should be granted when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law. *Id.* at syl. pt. 2; Syl. Pt. 3, *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

Petitioner's sole assignment of error is that the circuit court erred in granting respondent's motion for summary judgment and in failing to recognize his claim for failure to hire in contravention of substantial public policy. Petitioner acknowledges that such a claim has never before been recognized in West Virginia. However, he argues that this Court recognized the *possibility* of such a claim in *Toth*, in which we were asked to recognize "a cause of action against a potential employer for failure to hire allegedly based upon the applicant's history of suing a former employer for wrongful discharge." 215 W.Va. at 52, 593 S.E.2d at 577. In *Toth*, plaintiff argued that "the circuit court erred in granting summary judgment as to her constitutional tort claim alleging that [defendant] failed to hire her because she had engaged in conduct that is protected by Article III, §§ 16 [right to apply for redress of grievances] and 17

---

[2]According to petitioner, Ivy was employed by respondent and placed on administrative leave pending a hearing before the Police Oversight Commission.

[3]In its answer, respondent, paragraph by paragraph, addressed each allegation of the complaint. Among other things, respondent denied the factual allegations relating to petitioner's conversations with Police Chief Kauff, petitioner's applications for employment, and the denial of same. Petitioner's repeated assertions in his brief to this Court that the facts of this case are undisputed are inaccurate.

[right to access the courts] of the West Virginia Constitution." 215 W.Va. at 55, 593 S.E.2d at 580. This Court indicated that there is authority for recognizing a cause of action for a "failure to hire that was based on an applicant's exercise of First Amendment rights . . . involv[ing] free speech and associational rights." *Id.* (citing *Rutan v. Republican Party of Ill.*, 497 U.S. 62 (1990)). However, ultimately, in *Toth,* we noted that there was no legal authority "extending this cause of action to encompass a failure to hire claim arising from state or federal guarantees of free access to the courts and the right to petition the government for redress of grievances." 215 W.Va. at 56, 593 S.E.2d at 581. The Court determined that it "need not decide whether to forge this new ground" because plaintiff's proof was simply insufficient to overcome summary judgment. *Id.*

In the present appeal, petitioner argues that respondent refused to hire him because he arrested respondent's Street Commissioner for DUI and provided testimony favorable to Lt. Ivy during his administrative hearing. Petitioner argues that he should have been able to perform his job of keeping impaired drivers off the road and to testify truthfully about a fellow officer's performance without fear of being denied employment for doing so.[4] In a very cursory manner, and without articulating a clear legal analysis, petitioner asserts that his "refusal to hire" claim involves the same "rationale and public policy concerns" as those set forth in *Harless*, in which this Court first recognized that an employee has a claim for retaliatory discharge where an employer's motivation for discharging employee contravenes some substantial public policy principle. 162 W.Va. at 124, 246 S.E.2d at 275. Petitioner's brief includes neither a discussion nor analysis of *Harless*, and fails to include any other legal authority tending to support his argument that West Virginia should recognize a failure to hire claim and that the circuit court committed error in granting respondent's motion for summary judgment. Accordingly, we find no error in the circuit court's order.[5]

For the foregoing reasons, we affirm.

Affirmed.

---

[4]Petitioner also mentions that respondent's failure to hire him impinged on his First Amendment right to free speech, as recognized in *Rutan*. Given that petitioner raises this argument for the first time on appeal—and does so half-heartedly at best—it will not be considered herein. *See State v. Lilly*, 194 W.Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (stating that "casual mention of an issue in a brief is cursory treatment insufficient to preserve the issue on appeal").

[5]*See State, Dept. of Health v. Robert Morris N.*, 195 W.Va. 759, 765, 466 S.E.2d 827, 833 (1995) (stating that "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.") (Internal citations omitted)).

**ISSUED:**  May 30, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II