# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**John L. Kiefer,**
**Plaintiff Below, Petitioner**

**vs)  No. 15-0766**  (Fayette County 14-C-219)

**The Town of Ansted, West Virginia,**
**Defendant Below, Respondent**

**FILED**

**October 28, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner and plaintiff below John L. Kiefer, by counsel Michael T. Clifford, appeals the July 20, 2015, order of the Circuit Court of Fayette County that granted the motion for summary judgment filed by respondent and defendant below The Town of Ansted, West Virginia. Respondent, by counsel Daniel R. Schuda, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner became employed as the Chief of Police of The Town of Ansted ("Town") in July of 2013. As the Chief of Police, petitioner was an at-will employee. It is undisputed that the Town's mayor, Romie Hobbs, a defendant below,[1] was, in his sole discretion, authorized to terminate petitioner's employment. *See* W.Va. Code § 8-10-1 and 1b; Charter of the Town of Ansted, West Virginia, § 37.

On August 3, 2014, Mayor Hobbs received a telephone call from Heath Whipkey, the only police officer employed by the Town at the time and the only officer scheduled or available to work. Officer Whipkey advised Mayor Hobbs that petitioner had purportedly fired him that morning. Mayor Hobbs told Officer Whipkey to report to work.

The next day, Officer Whipkey called Mayor Hobbs again, informing him that he could not find his patrol car at the Town's maintenance garage and that the keys to the other three patrol cars were missing. Mayor Hobbs went to the maintenance garage where he confirmed that the car and keys were missing.

On August 5, 2014, Mayor Hobbs returned to the maintenance garage where he was

---

[1] Mayor Hobbs is not a party to this appeal.

1

advised by maintenance employees that the missing patrol car was hidden in the woods behind petitioner's home. Mayor Hobbs drove to petitioner's home and found the patrol car. When he confronted petitioner, petitioner admitted that he had hidden the patrol car and taken the keys to the other police vehicles so that Officer Whipkey could not go on patrol. Mayor Hobbs concluded that petitioner had intentionally left the Town without police protection. He immediately terminated petitioner because he no longer felt that he could trust petitioner's judgment and abilities.

On August 12, 2014, petitioner filed a complaint in the Circuit Court of Fayette County alleging that he was terminated in violation of the public policy of the State of West Virginia, as set forth in *Harless v. First National Bank in Fairmont*, 162 W.Va. 116, 246 S.E.2d 270 (1978). *See* Syllabus, *Harless,* 162 W.Va. at 116, 246 S.E.2d at 271 (holding that "[t]he rule that an employer has an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.") Petitioner alleged that his termination was motivated, in whole or in part, "by retaliation and in contravention of a substantial public policy, including but not limited [to], [petitioner's] right to request information pursuant to the Freedom of Information Act ["FOIA"]." Petitioner alleged that, just prior to his termination, through counsel, he sent a FOIA request seeking certain financial and other information of the Town in an effort to "investigate possible criminal irregularities in the Town's finances."

On May 11, 2016, the Town filed a motion for summary judgment and submitted a sworn affidavit from Mayor Hobbs recounting the circumstances surrounding petitioner's termination, as described above. The Town also submitted evidence showing that, previously, petitioner personally sought various financial and budget documents from the Town and was provided with the requested documents; that, nonetheless, petitioner, by counsel, subsequently submitted a FOIA request to the Town seeking those same documents; that the Town made copies of many of the FOIA requested documents; that neither petitioner nor his counsel ever paid for or retrieved any of the documents that were requested and copied under FOIA; and that petitioner, by counsel, later requested the same information in his first request for production following the filing of the complaint. Although petitioner's response to the summary judgment motion averred the converse—that Mayor Hobbs "refus[ed] to comply with [petitioner's] numerous requests for financial documentation"—petitioner failed to set forth specific facts, either by affidavit or as otherwise provided in Rule 56 of the West Virginia Rules of Civil Procedure that demonstrated that there are genuine issues for trial. *See* W.Va. R. Civ. P. 56(e) (stating, in part, that "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.")

By order entered July 20, 2015, the circuit court granted the Town's motion finding that (1) although petitioner alleged a *Harless*-type action, he failed to "identify or refer to any claimed public policy violation other than the allegation . . . referencing a claim of 'plaintiff's right to request information pursuant to [FOIA][;]'" (2) petitioner failed to submit affidavits or testimony disputing the Town's summary judgment motion or attached affidavits; and (3)

2

petitioner failed to meet the requirements of *Harless* and its progeny, including the elements of *Swears v. R.M. Roach & Sons, Inc.*, 225 W.Va. 699, 696 S.E.2d 1 (2010). This appeal followed.

We review de novo petitioner's appeal of the circuit court's summary judgment order. "A circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon,* 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter,* 192 W.Va. at 190, 451 S.E.2d at 756, syl. pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003).

Petitioner's primary argument is that the circuit court erred in concluding that petitioner failed to meet the four-part test required for a plaintiff to prevail on a claim of wrongful discharge in contravention of substantial public policy, as set forth in *Swears*:

> (1) [Whether a] clear public policy existed and was manifested in a state or federal constitution, statute or administrative regulation, or in the common law (the *clarity* element).
> (2) [Whether] dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the *jeopardy* element).
> (3) [Whether t]he plaintiff's dismissal was motivated by conduct related to the public policy (the *causation* element).
> (4) [Whether t]he employer lacked overriding legitimate business justification for the dismissal (the *overriding justification* element).

225 W.Va. at 704, 696 S.E.2d at 6 (quoting *Feliciano v. 7-Eleven, Inc.*, 210 W.Va. 740, 750, 559 S.E.2d 713, 723 (2001)). We find no error and conclude that summary judgment was properly granted.

Petitioner was required to establish that "a clear public policy existed and was manifested in a state or federal constitution, statute, or administrative regulation, or in the common law." *Id.* Whether a substantial public policy exists in this case is a question of law to be determined by the court. *See* Syl. Pt. 2, *Kanagy v. Fiesta Salons, Inc.*, 208 W.Va. 526, 541 S.E.2d 616 (2000)

3

(holding that "'[a] determination of the existence of public policy in West Virginia is a question of law, rather than a question of fact for a jury.' Syl. Pt. 1, *Cordle v. General Hugh Mercer Corp.*, 174 W.Va. 321, 325 S.E.2d 111 (1984)."). "The burden is on [petitioner] to establish the existence of a substantial public policy." *Roth v. DeFeliceCare, Inc.*, 226 W.Va. 214, 221, 700 S.E.2d 183, 190 (2010). Petitioner has woefully failed to meet this burden.

West Virginia has not heretofore recognized a wrongful discharge claim under *Harless* where an at-will employee was terminated for filing a FOIA request. Our careful review of the appendix record in this case reveals that, at the summary judgment stage, petitioner made a less than nominal effort to identify a substantial public policy recognized by state or federal constitution, statute, administrative regulation, or the common law. Petitioner argued below that FOIA helps to "[e]xpos[e] government misconduct and malfeasance regarding public funds [which] is pertinent and of great importance to the citizens of the community, the county, and the state" and that, in refusing to disclose requested financial documentation, Mayor Hobbs "jeopardized the safety and protection of the public, as the purpose of said investigation was to determine the root of financial discrepancies in the Ansted Police Department budget, preventing the employment of police officers." Petitioner failed to cite to any legal authority in support of his contention that FOIA encompasses a substantial public policy for purposes of a *Harless*-type claim.[2]

Likewise, on appeal, petitioner states only that he was terminated for "requesting information pursuant to the Freedom of Information Act of West Virginia . . . and that reason is a violation of public policy." Suffice it to say that such an argument is wholly inadequate and fails to satisfy the "clarity" element set forth in *Swears*.

Having failed to identify a substantial public policy, any argument that discharging an employee under the circumstances described herein (1) jeopardizes public policy (the jeopardy element) and (2) was motivated by conduct related to public policy (the causation element) must also fail. Finally, with regard to the justification element, it is clear that the Town had an overriding business justification for terminating petitioner. Petitioner admitted that he hid a patrol car in the woods behind his home and took the keys to the Town's other patrol cars so that Officer Whipkey, the only available officer, would not be able to patrol the Town. Mayor Hobbs determined that such actions "resulted in a complete absence of police service in the Town." He terminated petitioner because he could no longer be trusted to properly perform his duties as chief of police. In consideration of all of the above, the Court concludes that the circuit court did not err in granting the Town's motion for summary judgment on petitioner's claim for wrongful discharge.

Finally, petitioner argues that Mayor Hobbs and/or the Town did not follow the proper procedure for his removal as set forth in Section 19 of the Town Charter. Petitioner argues that,

---

[2] As previously stated, the Town presented evidence that, notwithstanding petitioner's unsupported representations to the contrary, Mayor Hobbs and the Town complied with petitioner's requests for financial documentation even before petitioner's counsel made requests under FOIA.

under this provision, "[t]he Mayor, or any other Town official having the power of appointment, shall have the absolute right in his discretion to remove any of his appointees . . . but such removal shall be in writing and served upon said official so removed . . . ." Charter of Town of Ansted, § 19. Petitioner argues further that the circuit court failed to address this contention in its summary judgment order.

We find no error. This Court has made clear that

"[t]he party opposing a motion for summary judgment may not rest on allegations of his or her unsworn pleadings and must instead come forth with evidence of a genuine factual dispute. Mere allegations are insufficient in response to a motion for summary judgment to show that there is a genuine issue for trial." *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.,* 196 W.Va. at 698 nn. 10, 11, 474 S.E.2d at 878 nn. 10, 11.

*Crum v. Equity Inns, Inc.*, 224 W.Va. 246, 254, 685 S.E.2d 219, 227 (2009). "'[T]he party opposing summary judgment must satisfy the burden of proof by offering more than a mere "scintilla of evidence," and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor.' *Anderson [v. Liberty Lobby, Inc.],* 477 U.S. [242,] at 252, 106 S.Ct. [2505,] at 2512, 91 L.Ed.2d [202,] at 214 [(1986)]." *Painter*, 192 W.Va. at 192–93, 451 S.E.2d at 758–59. *See also Williams v. Precision Coil, Inc.*, 194 W. Va. 52, 61, 459 S.E.2d 329, 338 (1995) (stating that "'[u]nsupported speculation is not sufficient to defeat a summary judgment motion.' *Felty v. Graves-Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987)."). Petitioner failed to set forth the alleged fact that he was terminated in violation of the Town Charter either by affidavit or as otherwise provided for in Rule 56, showing that this is a genuine issue for trial. Thus, we conclude that the circuit court did not err in granting summary judgment in favor of the Town.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 28, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II