## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Joseph C. McComas II,**
**Plaintiff Below, Petitioner**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0734** (Mercer County 15-C-127)

**Mercer County Board of Education,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Joseph C. McComas II, by counsel Anthony M. Salvatore, appeals the Circuit Court of Mercer County's July 8, 2016, order granting respondent Mercer County Board of Education's motion for summary judgment and dismissing his defamation suit. Respondent, by counsel Kermit J. Moore and W. Blake Belcher, filed a response. On appeal, petitioner argues that the circuit court erred in granting respondent's motion for summary judgment because a genuine issue of material fact existed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, petitioner initiated his lawsuit against respondent for defamation. According to the record, petitioner's claims stemmed from a hearing held in April of 2014 during which petitioner's employment with respondent was terminated. During the hearing, respondent accepted evidence of petitioner's alleged conduct that supported the decision to terminate his employment. Based on this evidence, respondent found that petitioner engaged in "willful neglect of duty due to continued poor performance on substitute evaluations, use of inappropriate language in the classroom, not following lesson plans, and falling asleep in class on multiple occasions." These findings were memorialized in the meeting's minutes. Following the hearing, and in accordance with its normal practice, respondent posted the minutes of the meeting to its website.

In support of his defamation lawsuit, petitioner testified that the sole basis for his claim was the posting of the subject minutes, which he alleged rendered him unable to find new employment. Further, petitioner claimed that the finding regarding use of inappropriate language was incorrect, as he denied using such language.

In January of 2016, respondent filed a motion for summary judgment, after which petitioner filed a response. In June of 2016, the circuit court held a hearing on the motion. Following the hearing, the circuit court granted respondent's motion for summary judgment on the basis of qualified immunity. Because the circuit court found qualified immunity applied, it declined to address the remaining arguments raised. It is from the order granting respondent's motion for summary judgment that petitioner appeals.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).  Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3*, Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Upon our review, we find no error below.

On appeal, petitioner raises no argument as to why the circuit court's granting of summary judgment in favor of respondent on the basis of qualified immunity is improper. Instead, petitioner simply alleges that a genuine issue of material fact exists because he argues that he submitted a letter of resignation to respondent on April 3, 2014, which respondent failed to recognize at the April 10, 2014, hearing at which his employment was terminated. Not only does petitioner fail to argue how this fact, if assumed as true, creates a genuine issue of material fact sufficient to overcome respondent's motion for summary judgment, he also fails to show that this argument was submitted for the circuit court's consideration below.

While it is true that petitioner testified to having submitted a letter of resignation to respondent, the record is devoid of any instance wherein petitioner argued to the circuit court that his attempted resignation created a genuine issue of material fact as to whether or not respondent terminated his employment. Indeed, petitioner's response to respondent's motion for summary judgment lacks any argument regarding an alleged resignation and, instead, simply states that his "entire deposition . . . is sufficient to create a genuine issue of fact . . . ." According to petitioner's response below, respondent "argued that [petitioner's] testimony should be interpreted a certain way" while the jury was free to "interpret [his] testimony in such a way to establish a *prima facie* case" as set forth in his complaint. This constitutes petitioner's entire

argument in response to respondent's motion for summary judgment. Because he clearly did not raise any argument in regard to his alleged resignation, we find that petitioner has waived this argument on appeal. *See State v. Jessie*, 225 W.Va. 21, 27, 689 S.E.2d 21, 27 (2009) ("This Court's general rule is that nonjurisdictional questions not raised at the circuit court level will not be considered to the first time on appeal."). For this reason, we decline to grant petitioner relief in this regard.

For the foregoing reasons, the circuit court's July 8, 2016, order granting respondent's motion for summary judgment is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker