# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Tracy Banh,**
**Plaintiff Below, Petitioner**

**FILED**

**October 23, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-1049** (Harrison County 2015-C-196-2)

**David Doan,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tracy Banh, by counsel Peter D. Dinardi, appeals the Circuit Court of Harrison County's November 2, 2016, order granting summary judgment in favor of respondent David Doan. Respondent, by counsel Debra Tedeschi Varner, James N. Riely, and Stanley A. Heflin III, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondent's renewed motion for summary judgment because genuine issues of material fact existed. Petitioner also argues that the circuit court erred in denying her a sufficient amount of time to respond to the renewed motion for summary judgment and granting respondent leave to file the renewed motion.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and respondent have been in a close personal relationship since approximately 1990 and began living together in Bridgeport, West Virginia, in 2000. Some time prior to October of 2013, the parties jointly owned a business called Exotic Nails & Spa, LLC ("Exotic Nails"), located in the Meadowbrook Mall in Bridgeport. In October of 2013, the parties ceased their personal relationship when petitioner moved out of their shared residence.

On October 22, 2013, the parties signed a notarized sales agreement that transferred petitioner's ownership in Exotic Nails to respondent for $50,000. During the proceedings below, respondent continued to own and operate the business. During the proceedings, petitioner admitted that she signed the notarized sales agreement. Respondent also had complete ownership of certain real property located in Orange County, California, that was deeded to him in a signed and notarized inter-spousal grant deed that petitioner also admitted to signing. Additionally, the parties previously owned another business called Elevation Hair and Nails ("Elevation") that they sold to Theresa Vest and others for $120,000. The parties shared in the proceeds of that sale.

1

In May of 2015, petitioner filed a complaint against respondent and alleged the following causes of action: (1) breach of an implied contract and/or contract in fact with respect to ownership of Exotic Nails; (2) fraud in obtaining ownership of Exotic Nails; (3) conversion of the proceeds of the sale of Elevation; and (4) fraud in obtaining ownership of the Orange County property. Thereafter, respondent filed a motion for summary judgment, which the circuit court denied by order entered on June 24, 2016.

Following additional discovery, including petitioner's depositions of several of respondent's fact witnesses, respondent filed a motion for leave to file his renewed motion for summary judgment on August 26, 2016. On August 30, 2016, the circuit court granted respondent leave to file the renewed motion, directed that he do so immediately, and further directed petitioner to respond by noon on Friday, September 2, 2016. Respondent filed his renewed motion on August 30, 2016, and submitted his supplemental deposition testimony in support thereof the following day, as directed. Petitioner submitted her response on September 2, 2016. Thereafter, the circuit court granted respondent's renewed motion for summary judgment by order entered on November 2, 2016. It is from this order that petitioner appeals.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3*, Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Upon our review, we find no error below.

On appeal, petitioner argues that summary judgment was improper because the following issues of material fact existed: (1) whether respondent paid petitioner for her interest in Exotic Nails; (2) if petitioner was paid, in what manner was she compensated; (3) if petitioner was not paid, did such act void the conveyance of her interest in the business; (4) whether respondent committed fraud or misrepresentation against petitioner based on her alleged lack of compensation; (5) whether an implied partnership existed between the parties and, if so, what were the duties and obligations of each upon dissolution; (6) whether the circuit court ignored the relationship between the parties; (7) whether respondent was guilty of wrongful conversion

of the money due to petitioner under the contract for Elevation's sale; (8) whether respondent made fraudulent misrepresentations to petitioner in order to obtain her signature on the document conveying her interest in Exotic Nails; and, (9) whether petitioner relied upon these misrepresentations to her detriment. However, petitioner fails to recognize that, as the circuit court correctly found, there is no evidence to support any of these claims.

On appeal to this Court, petitioner fails to demonstrate that there is any evidence to support her claim that genuine issues of material fact existed below. In addressing motions for summary judgment, we have held as follows:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). Elaborating on this holding, we have stated that

> [t]o be specific, the party opposing summary judgment must satisfy the burden of proof by offering more than a mere "scintilla of evidence" and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. The evidence illustrating the factual controversy cannot be conjectural or problematic. It must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve. The evidence must contradict the showing of the moving party by pointing to specific facts demonstrating that, indeed, there is a "trialworthy" issue. A "trialworthy" issue requires not only a "genuine" issue but also an issue that involves a "material" fact. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

*Williams*, 194 W.Va. at 60, 459 S.E.2d at 337.

In its order granting summary judgment for respondent, the circuit court found that petitioner "essentially relied on argument and allegations to overcome [respondent's] Renewed Motion for Summary Judgment." The circuit court further found that "[petitioner] was provided multiple opportunities to set forth affirmative evidence in support" of her claims, yet "[d]espite these opportunities, [petitioner's] responsive pleadings were completely devoid of evidence that could establish" the elements necessary to satisfy these causes of action. Moreover, the record is clear that the circuit court correctly found that "[petitioner] did not present sufficient evidence to demonstrate that any material facts are in legitimate dispute . . ." and that she failed to rehabilitate the evidence presented or produce additional evidence on any of the allegations. Despite petitioner's claims to have witnesses who could corroborate and prove her allegations, the circuit court found that "she failed to provide such evidence for Rule 56 purposes. By not

doing so, such failure . . . prove[d] fatal to her alleged causes of action . . . ." For these reasons, the circuit court found that there was insufficient evidence for a reasonable jury to find in her favor on any of the counts set forth in her complaint. We agree.

Petitioner raises as error on appeal the issue of whether respondent paid her the $50,000 due on the bill of sale wherein she transferred her fifty percent interest in Exotic Nails to respondent. However, this issue is not properly before the Court. The record shows that petitioner did not seek judgment against respondent because of the alleged non-payment of the $50,000. In the proceedings below, neither petitioner's complaint, the summary judgment motions and briefs, nor any other pleadings alleged that petitioner sought recovery for the alleged non-payment of the $50,000. Instead, the issue raised by petitioner was whether she transferred ownership of Exotic Nails to respondent. On this issue, the circuit court found that the sale agreement between the parties was valid and that petitioner transferred her ownership interest in Exotic Nails to respondent. The question of whether petitioner was paid the $50,000 was simply not an issue that the circuit court was asked to rule upon. As such, the circuit court did not make any ruling regarding whether petitioner was paid the $50,000 per the terms of the sales agreement. Accordingly, we decline to address this issue on appeal. *See Noble v. W.Va. Dep't of Motor Vehicles*, 223 W.Va. 818, 821, 679 S.E.2d 650, 653 (2009) ("Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered."). Whether the $50,000 sale price was paid to petitioner under the terms of the sales agreement is an issue that will have to be resolved in a new proceeding.

On appeal, petitioner simply alleges that genuine issues of material fact exist without demonstrating any evidence which supports these claims. Such bald assertions are insufficient to overcome summary judgment as "evidence illustrating the factual controversy cannot be conjectural . . . ." *Williams*, 194 W.Va. at 60, 459 S.E.2d at 337. Accordingly, petitioner is entitled to no relief on appeal, and we find no error in the circuit court granting summary judgment in respondent's favor.

Finally, petitioner argues that she had insufficient time to respond to respondent's renewed motion for summary judgment and that the circuit court erred in granting leave for him to file the same. In support of her assignment of error regarding the allegedly insufficient time to respond to respondent's motion, petitioner makes much of the fact that she had roughly two-and-a-half days to respond to the motion, thereby denying her sufficient time to adequately respond. However, in support of petitioner's assignment of error alleging that the circuit court erred in granting respondent leave to file the renewed motion, she argues that this was error because respondent did not rely on any new evidence. In fact, petitioner explicitly states that "[a] review of respondent's original Motion for Summary Judgment . . . shows very little difference in the arguments made by respondent." Accordingly, since petitioner has alleged that petitioner's original motion for summary judgment, to which she had already responded, was almost identical to his renewed motion for summary judgment, we find no error in regard to the circuit court's order directing petitioner's prompt response thereto. Further, petitioner has cited to no authority that prevents a circuit court from revisiting a prior motion for summary judgment. In fact, in her reply, petitioner concedes that this Court has held that "we find nothing in our jurisprudence which would prevent a lower court from exercising its discretion to revisit a previous denial of summary judgment in an effort to ensure the proper administration of justice."

4

*Dellinger v. Pediatrix Medical Group, P.C.*, 232 W.Va. 115, 119 n. 8, 750 S.E.2d 668, 672 n. 8 (2013). As such, we further find that the circuit court did not err in granting respondent leave to file his renewed motion for summary judgment.

For the foregoing reasons, the circuit court's November 2, 2016, order granting summary judgment in respondent's favor is hereby affirmed.

Affirmed.

**ISSUED**:  October 23, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker