# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Soraya McClung,**
**Plaintiff Below, Petitioner**

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-1157** (Kanawha County 15-C-22)

**West Virginia State Police Department,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Soraya McClung, by counsel Mark A. Atkinson and Paul L. Frampton, appeals the Circuit Court of Kanawha County's November 14, 2016, order granting respondent's motion for summary judgment and dismissing her retaliatory discharge claim. Respondent West Virginia State Police ("WVSP"), by counsel Lou Ann S. Cyrus and Kimberly M. Bandy, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in granting respondent's motion for summary judgment because it erred in finding that she spoke as an employee, not as a private citizen, on a matter of public concern.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed by the WVSP forensic crime laboratory beginning in 1990. In October of 2007, she was appointed as the Director of the WVSP forensic crime laboratory. Sometime during the 2014 legislative session, petitioner began discussions with a West Virginia legislative senator and his staff regarding the possibility of removing the forensic crime laboratory from the organizational structure of the WVSP. Without the WVSP's knowledge, (1) petitioner gathered information regarding the forensic crime laboratory's removal and pay increases for employees, (2) provided the information to the West Virginia Legislature ("legislature"), and (3) testified before legislative committees. As a result of the efforts, a legislative bill was drafted that called for the forensic crime laboratory's removal from the organizational structure of the WVSP. In March of 2014, the WVSP administration met with petitioner wherein petitioner initially denied her involvement with the legislative bill, but ultimately disclosed that she provided information to the Legislature. After meeting with the WVSP administrators, petitioner was reassigned from the Laboratory Director to an Analyst IV position, a demotion. The WVSP stated that petitioner was demoted because she lobbied the Legislature for the forensic crime laboratory's removal from the organizational structure of the WVSP and for a pay increase for laboratory employees.

1

In January of 2015, petitioner filed a complaint in the Circuit Court of Kanawha County claiming that her reassignment from the Laboratory Director to Analyst IV constituted "unlawful, retaliatory demotion and constructive discharge." Petitioner claimed that the WVSP violated her right to free speech in terminating her employment for engaging with the legislature on a matter of public concern. In July of 2016, respondent filed a motion for summary judgment. In August of 2016, the circuit court held a hearing on respondent's motion. Following the hearing, on November 14, 2016, the circuit court granted respondent's motion for summary judgment on the basis that petitioner "was speaking as an employee of the WVSP and not as a private citizen." It is from this order that petitioner appeals.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003).

> The circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. We, therefore, must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion.

*Painter*, 192 W.Va. at 192, 451 S.E.2d at 758. Upon our review, we find no error below.

On appeal, petitioner argues that her reassignment from Laboratory Director to an Analyst IV position constituted an unlawful, retaliatory demotion, and constructive discharge, in violation of Article III, Section 7 of the West Virginia Constitution. Petitioner claims that her free speech rights were violated because she was demoted for "expressing her opinions regarding governmental policies and engaging in lawful political activities."

Article III, Section 7 of the West Virginia Constitution provides that,

[n]o law abridging the freedom of speech, or of the press, shall be passed; but the Legislature may, by suitable penalties, restrain the publication or sale of obscene books, papers, or pictures, and provide for the punishment of libel, and defamation of character, and for the recovery, in civil actions, by the aggrieved party, of suitable damages for such libel, or defamation.

We have previously explained that [t]he First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution are virtually identical . . . [b]oth constitutional provisions prohibit the making of any law abridging the freedom of speech or of the press." *State ex rel. McGraw v. Imperial Marketing,* 196 W.Va. 346, 359 n.43, 472 S.E.2d 792, 805 n.43 (1996). We have therefore held that we "use the First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution interchangeably." *Id.*

The Supreme Court of the United States has held that "the First Amendment protects a public employee's right, in certain circumstances, to speak as a citizen addressing matters of public concern." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006). In *Garcetti*, the Supreme Court identified two inquiries to guide interpretation of the constitutional protections afforded to a public employee's speech. The first inquiry requires that the trial court determine "whether the employee spoke as a citizen on a matter of public concern." *Id.*at 418. "If the answer is no, the employee has no First Amendment cause of action based on his or her employer's reaction to the speech." *Id.* If the answer to the first inquiry is yes, there is the "possibility of a First Amendment claim." *Id.*

> The question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public. This consideration reflects the importance of the relationship between the speaker's expressions and employment. A government entity has broader discretion to restrict speech when it acts in its role as employer, but the restrictions it imposes must be directed at speech that has some potential to affect the entity's operations.

*Id.* at 418. (internal citations omitted). The Supreme Court has further explained that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." *Id.* at 421.

This Court has acknowledged the framework for analysis set forth in *Garcetti*, by stating that:

> There are some general restrictions on a public employee's right to free speech. First, an employee's speech, to be protected, must be spoken as a citizen on a matter of public concern. If the employee did not speak as a citizen on a matter of public concern, then the employee has no First Amendment cause of action based on the employer's reaction to the speech.

Syl. Pt. 5, in part, *Alderman v. Pocahontas Cnty. Bd. Of Educ.*, 223 W.Va. 431, 675 S.E.2d 907 (2009). The critical question is whether "the speech at issue is itself ordinarily within the scope of an employee's duties." *Lane v. Franks*, 134 S.Ct. 2369, 2379 (2014).

In this case, petitioner, in opposing the WVSP's motion for summary judgment, argued that when she presented information to the legislature, she was speaking as a citizen on a matter of public concern. However, the record below supports the circuit court's finding that petitioner presented information to the legislature, "not as a citizen but as the Director of the State Police Forensic Laboratory." Indeed, petitioner acknowledged below that she presented information to the legislature in her capacity as the Laboratory Director. It is undisputed that petitioner was approached by a senator to provide information for a WVSP forensic crime laboratory financial study, knowing that petitioner was the director. The information was then presented by petitioner to a legislative committee in her capacity as the director of the WVSP forensic crime laboratory. According to the record, petitioner used her position as the director to convene a meeting with the forensic crime laboratory department supervisors and solicited information from them for the legislative committee. Petitioner admitted that the laboratory employees "probably" provided her with the information she requested because she was the director and not because she was a private citizen, as she suggests in her brief before this Court. Therefore, viewing the underlying facts in the light most favorable to petitioner, the circuit court correctly concluded that because she did not engage in constitutionally protected speech, and had no First Amendment cause of action based on the WVSP's reaction to the speech, summary judgment was proper.

For the foregoing reasons, the circuit court's November 14, 2016, order granting respondent's motion for summary judgment is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman

**DISSENTING:**

Justice Menis E. Ketchum
Justice Elizabeth D. Walker