DAVIS, J., concurring in part and dissenting in part:
(Filed Dec. 7, 2005)
In this case, the majority concluded that the circuit court was correct in granting summary judgment to Washtenaw as to the Herrod's claims alleging a failure to comply with the Credit Services Organizations provision of the West Virginia Consumer Credit and Protection Act, fraud, and unfair or deceptive practices under the West Virginia Consumer Credit and Protection Act. I concur fully with the majority opinion's resolution of these matters. I disagree, however, with the majority's reversal of summary judgment as to the Herrod's claims of unconscionability and joint venture, agency or conspiracy.
1. Unconscionability. The majority's analysis of the issue of unconscionability does not apply to the facts of this case. In it's analysis of this issue, the majority opinion holds that "[w]here unconscionability is asserted under West Virginia Code § 46A-2-121 (1996) (Repl. Vol. 1999), the existence of questions of fact regarding whether the bargaining power was grossly unequal and thereby rendered the transactions between the plaintiffs and defendants unconscionable precludes the resolution of such claims through summary judgment." Syl. pt. 4, in part (emphasis added). The majority goes on to discuss the inequality between the bargaining positions of the Herrod's as compared to First Security. While there may indeed have been such a disparity, this analysis is irrelevant to the instant appeal as there were no issues pertaining to First Security presented to this Court. The only defendant remaining in this case is Washtenaw.[1] There is simply no evidence in this case that Washtenaw engaged in any bargaining with the Herrods. Rather, as the majority opinion plainly acknowledges, the bargaining occurred between the Herrods and First Security. Although Washtenaw was the lender in this case, it simply had no direct contact with the Herrods. Because there was absolutely no bargaining between the Herrods and Washtenaw, the Herrod's claim of unconscionability against Washtenaw simply cannot stand. For this reason, I strongly believe the circuit court was correct in granting summary judgment to Washtenaw on this claim.
2. Joint Venture, Agency or Conspiracy. The only evidence to support the Herrod's claims of a joint venture, agency or conspiracy was the opinion of the Herrod's expert witness, which was entirely speculative. Indeed, the majority itself concedes that "the evidence in the record on this issue is inferential at best ...." Maj. op. at 338, 625 S.E.2d at 338. In finding that the circuit court erred in granting summary judgement on this issue, the majority ignores the fact that this Court has long recognized the requirement for a minimum level of evidence to overcome a motion for summary judgment. With respect to the burden placed on the non-moving party in order to overcome a proper motion for summary judgment, we have held that
If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that *385 there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.
Syl. pt. 3, Williams v. Precision Coil, Inc., 194 W.Va. 52, 459 S.E.2d 329 (1995). Moreover, this Court has repeatedly observed that "the party opposing summary judgment must satisfy the burden of proof by offering more than a mere `scintilla of evidence,' and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor." Painter v. Peavy, 192 W.Va. 189, 192-3, 451 S.E.2d 755 758-59 (1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202, 214 (1986)). Accord Toth v. Board of Parks and Recreation Comm'rs, 215 W.Va. 51, 56, 593 S.E.2d 576, 581 (2003); Bowers v. Wurzburg, 207 W.Va. 28, 41, 528 S.E.2d 475, 488 (1999) (Davis, J., dissenting); Gardner v. CSX Transp., Inc., 201 W.Va. 490, 497-98, 498 S.E.2d 473, 480-81 (1997); Jividen v. Law, 194 W.Va. 705, 713, 461 S.E.2d 451, 459 (1995). In this case, the Herrods failed to meet their burden of providing more than a mere scintilla of evidence and, therefore, it is my view that the circuit court was correct in granting summary judgment to Washtenaw on this claim.
For the foregoing reasons, I concur in part, and respectfully dissent in part, from the majority opinion. I am authorized to state that Justice MAYNARD joins me in this separate opinion.
---------------
---------------