# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Homer Lee Merritt, Glen Dale Merritt,**
**and Betty Jo Scott,**
**Plaintiffs Below, Petitioners**

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0774** (Mingo County 15-C-279)

**Robert Wolford, as executor of the last will**
**and testament of Glenn Merritt Sr., deceased,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Homer Lee Merritt, Glen Dale Merritt, and Betty Jo Scott, by counsel Mark Hobbs, appeal the Circuit Court of Mingo County's July 18, 2016, order granting respondent Robert Wolford's motion for summary judgment and dismissing petitioners' challenge to the last will and testament of Glen Merritt Sr. Respondent, by counsel W. Thomas Ward, filed a response. On appeal, petitioners argue that the circuit court erred in granting respondent's motion for summary judgment because a genuine issue of material fact existed.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, Glen Merritt Sr. ("the decedent") died testate. Respondent Robert Wolford was the duly appointed executor of the decedent's estate. The decedent was survived by several individuals, including his children Homer Lee Merritt, Glen Dale Merritt, and Betty Jo Scott. According to the record, the decedent's last will and testament, dated November 26, 2013, was admitted to the record of the Office of the County Commission of Mingo County.

In December of 2015, petitioners filed a civil action against respondent seeking to impeach the will at issue, as the will left the bulk of the decedent's estate to his stepchild, Teresa Wolford, and her husband, Robert Wolford. According to petitioners, the will at issue essentially disinherited them.

In February of 2016, the parties took the deposition of attorney Lawrence R. Webster, who conducted a post-execution interview of the decedent with respect to the will in question. That same month, the parties took the depositions of attorney Greg Smith, who prepared the will in question, and Dr. Brian Francis, who provided medical care to the decedent.

1

In April of 2016, respondent filed a motion for summary judgment. In response, petitioners submitted the affidavit of Richard Stanley Thomas, in which Mr. Thomas stated that he "notic[ed] a decline in [the decedent's] mental ability including his memory loss and mental confusion beginning in January/February 2012." Petitioners also offered the affidavits of petitioner Betty Jo Scott and her husband Roger Scott. According to these affidavits, the decedent was "not in his right mind" shortly after the death of his wife, which occurred roughly twenty-three days prior to the execution of his will.

Thereafter, the circuit court granted respondent's motion by order entered in July of 2016. According to the circuit court, Dr. Francis, who cared for the decedent prior to and at the time of the execution of the will in question, testified that there was never a time that he held the medical opinion that the decedent could not care for himself or make medical and financial decisions. The circuit court further found that Dr. Francis testified that the decedent "understood who his children were, what his estate consisted of and was of sound mind and capable of making a disposition of his estate." Moreover, Mr. Smith, who had an ongoing attorney-client relationship with the decedent, testified that he prepared the will in question and that the legal requirements for execution were met. Mr. Smith further testified that the decedent was of sound mind and able to understand his estate, heirs, and the specific intentions of his will. Finally, the circuit court found that Mr. Webster's testimony supported the validity of the will. According to the circuit court, Mr. Webster conducted an interview with the decedent on July 9, 2015, "for the express purpose of addressing [the decedent's] concerns that somebody might attack his [w]ill." Ultimately, based on testimony from these individuals, the circuit court found that "on November 26, 2013, and for a period of several years prior thereto, [the decedent] was a man of sound mind, under no undue influence, capable of making his own medical and financial decisions, knowledgeable of the contents of his estate and capable of directing to whom he wanted his estate to pass upon his death." Accordingly, the circuit court granted respondent's motion for summary judgment. It is from this order that petitioners appeal.

"A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Our review is guided by the principle that

> "'[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.' Syllabus Point 3, *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963)." Syllabus Point 1, *Andrick v. Town of Buckhannon*, 187 W.Va. 706, 421 S.E.2d 247 (1992).

*Painter*, 192 W.Va. at 190, 451 S.E.2d at 756, Syl. Pt. 2. Furthermore,

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

2

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W.Va. 51, 593 S.E.2d 576 (2003). Upon our review, we find no error below.

On appeal, petitioners argue that they established a genuine issue of material fact through the submission of affidavits from Richard Stanley Thomas, Betty Jo Scott, and Roger Scott. According to petitioners, these affidavits created genuine issues of material fact as to the decedent's requisite mental intent, testamentary capacity, and undue influence. Essentially, petitioners argue that these affidavits contained sufficient evidence to overcome respondent's motion for summary judgment. We do not agree.

In addressing motions for summary judgment, we have held as follows:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the nonmoving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Syl. Pt. 3, *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 459 S.E.2d 329 (1995). Elaborating on this holding, we have stated that

> [t]o be specific, the party opposing summary judgment must satisfy the burden of proof by offering more than a mere "scintilla of evidence" and must produce evidence sufficient for a reasonable jury to find in a nonmoving party's favor. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214. The evidence illustrating the factual controversy cannot be conjectural or problematic. It must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve. The evidence must contradict the showing of the moving party by pointing to specific facts demonstrating that, indeed, there is a "trialworthy" issue. A "trialworthy" issue requires not only a "genuine" issue but also an issue that involves a "material" fact. *See Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211.

*Williams*, 194 W.Va. at 60, 459 S.E.2d at 337. Here, the circuit court specifically found that petitioners' affidavits in opposition to respondent's motion for summary judgment did not create a trialworthy issue such that summary judgment was improper. Specifically, the circuit court found that "the [a]ffidavits filed in opposition to [respondent's] [m]otion for [s]ummary [j]udgment [were] general allegations and [did] not present specific evidence admissible at trial that would demonstrate that there is a genuine issue of material fact."

Indeed, all of petitioners' arguments on appeal, as in the circuit court, relied upon general allegations from lay witnesses who believed the decedent to be confused or distraught following his wife's death. This is in stark contrast to the evidence from respondent's expert witnesses,

including the decedent's treating physician and an attorney who conducted an interview with the decedent for the express purpose of establishing his mental state in order to oppose any later challenge to his will. Simply put, such bald allegations are insufficient to oppose a motion for summary judgment. We have previously held that

> "[i]t is not necessary that a testator possess high quality or strength of mind, to make a valid will, nor that he then have as strong mind as he formerly had. The mind may be debilitated, the memory enfeebled, the understanding weak, the character may be peculiar and eccentric, and he may even want capacity to transact many of the business affairs of life; still it is sufficient if he understands the nature of the business in which he is engaged when making a will, has a recollection of the property he means to dispose of, the object or objects of his bounty, and how he wishes to dispose of his property." Syllabus Point 3, *Stewart v. Lyons*, 54 W.Va. 665, 47 S.E. 442 (1903).

Syl. Pt. 6, *James v. Knotts*, 227 W.Va. 65, 705 S.E.2d 572, (2010). Even considering the evidence in a light most favorable to petitioners, they have, at best, established that the decedent's mental state may have declined somewhat. However, they have simply failed to establish a genuine issue of material fact as to the decedent's understanding of the nature of his will when he made the same, his recollection of his property, or how he wished to dispose of the same. As such, we find no error in the circuit court's order granting respondent's motion for summary judgment.

For the foregoing reasons, the circuit court's July 18, 2016, order granting respondent's motion for summary judgment is hereby affirmed.

Affirmed.

**ISSUED**: September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker