## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert McComas,**
**Plaintiff Below, Petitioner**

**FILED**

**November 4, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.) No. 18-0515 (Raleigh County 10-C-271-H)**

**Freddie Elaine Meadows,**
**Defendant Below, Respondent**

### MEMORANDUM DECISION

Petitioner Robert McComas, by counsel Amber Hinkle, appeals the May 7, 2018, order of the Circuit Court of Raleigh County granting respondent's motion for summary judgment. Respondent Freddie Elaine Meadows, by counsel Thomas K. Patterson, filed a response in support of the circuit court's order.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lonnie Meadows[1] operated a car lot, 4-M Motor Sales, Inc. ("4-M").[2] On July 27, 2009, Ms. Janet McComas issued a $30,000 check made payable to 4-M Motors with the intention of that money serving as a loan. This loan was memorialized in an August 24, 2009, promissory note between Ms. McComas and Mr. Meadows on behalf of 4-M, the purpose of which was to allow Mr. Meadows to acquire inventory for 4-M. At the time of the loan and promissory note, Respondent Ms. Meadows was married to but estranged from Mr. Meadows. Ms. Meadows had nothing to do with the loan or the promissory note, but she had previously been listed as an officer of 4-M.

Mr. and Ms. Meadows were divorced in 2010. On June 28, 2010, Mr. Meadows transferred his interest in three parcels of real estate to Ms. Meadows, attendant to their divorce proceedings.

---

[1] Mr. Meadows was also known as Lacy L. Meadows Jr.

[2] 4-M ceased to exist as a legal entity in 2007, for failure to file necessary documentation with the West Virginia Secretary of State.

Ms. Meadows received the property subject to a mortgage.

Ms. McComas[3] initially filed Civil Action Number 10-C-271 in the Circuit Court of Raleigh County to enforce the $30,000 promissory note against Mr. Lonnie Meadows. Ms. McComas subsequently amended her complaint to include Freddie Elaine Meadows, Mr. Meadows's soon-to-be ex-wife, as a defendant.

On August 27, 2010, Petitioner McComas filed a second civil action, Civil Action Number 10-C-985, in the Circuit Court of Raleigh County, against Mr. Lonnie Meadows and Ms. Freddie Elaine Meadows, in which she sought to set aside the property transfers from Mr. Meadows to Ms. Meadows. Ms. McComas alleged that these transfers were fraudulent and made to avoid payment of the promissory note to her. Petitioner's second civil action was stayed pending a determination in the original civil action as to the promissory note.[4]

Respondent Ms. Meadows filed a motion for summary judgment in Civil Action Number 10-C-271, concerning petitioner's claims against Ms. Meadows on the promissory note. Petitioner McComas submitted a response in opposition to Ms. Meadows's motion for summary judgment, but the circuit court found that Petitioner McComas failed to allege sufficient facts to show that there was a genuine issue for trial. Accordingly, the circuit court granted Ms. Meadows's motion for summary judgment in a March 17, 2016, order finding that Ms. Meadows was not personally liable for the debt. In so holding, the court noted that there were two possible ways for liability to attach to Ms. Meadows, either through her prior officer status with 4-M or through her marriage to the debtor. Considering both, the circuit court found that liability could not attach to Ms. Meadows through either of those theories, and it granted summary judgment in Ms. Meadows's favor, and thus, dismissed Ms. Meadows as a defendant in Civil Action Number 10-C-271.[5] Petitioner's case proceeded to a bench trial against Mr. Meadows. Following the March 30, 2016, bench trial, the circuit court entered a May 5, 2016, judgment order, awarding Ms. McComas $30,000, plus interest, from Mr. Meadows's estate.[6]

---

[3] The civil action, filed April 9, 2010, was initiated by Ms. Janet McComas. Ms. McComas passed away on November 6, 2017, during the pendency of this matter. Following Ms. McComas's death, a suggestion of death was filed, and her husband, petitioner, was substituted as the plaintiff in the underlying action.

[4] This case was consolidated with Civil Action No. 10-C-271 by a July 21, 2016, order of the circuit court.

[5] Petitioner did not appeal that order.

[6] Mr. Meadows died on September 15, 2013, during the pendency of this matter, but prior to the bench trial conducted by the circuit court. After receiving a judgment against Mr. Meadows's estate, petitioner requested and was granted the right to file a second amended complaint in December 2016. In this amended complaint, petitioner claimed that Mr. Meadows transferred property to Barbara Hardy, his alleged paramour, in violation of the West Virginia Uniform Fraudulent Transfer Act. Once Ms. Hardy was named as a party in the litigation, respondent filed

On March 30, 2018, Ms. Meadows filed a motion for summary judgment as to petitioner's fraudulent conveyance claim against her. Petitioner filed a memorandum in opposition to the motion for summary judgment. The circuit court granted the motion, ruling that the case could be decided based upon two issues: First, the court had previously found that Ms. Meadows was not personally liable on the promissory note signed by Ms. McComas and Mr. Meadows. The court found that it would be unfair and unjust to take private property belonging to Ms. Meadows to satisfy a judgment where there had already been a finding that she was not personally liable for the debt. Second, the circuit court found that there was no evidence to indicate that Mr. or Ms. Meadows had any intent to "hinder, obstruct or defraud" anyone when the marital property was transferred, but instead had entered into a division of property, subject to judicial approval by the Family Court of Raleigh County during their divorce proceeding. The circuit court noted that the family court deemed the division of property to be fair and equitable. Thus, the court granted Ms. Meadows's motion for summary judgment. Petitioner appeals from this order.

As we have oft said, "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 451 S.E.2d 755 (1994).

Petitioner raises two assignments of error on appeal. Initially, petitioner argues that genuine issues of material fact exist regarding whether Mr. Meadows fraudulently transferred the marital assets to Ms. Meadows. Petitioner claims that the circuit court's ruling amounts to a finding that petitioner's claims were barred by the doctrine of res judicata, as the court previously found that Ms. Meadows was not personally liable because she had no knowledge of the loan; no knowledge that she had been designated as a corporate officer in 4-M; and, further, that 4-M no longer existed.

Although notably absent in either party's briefing, petitioner's claim against respondent is predicated upon West Virginia Code § 40-1A-4, West Virginia's fraudulent conveyance statute.[7] Petitioner does, however, allude to the language of the statute when he alleges that the disparity in the property division between Mr. and Ms. Meadows is, by itself, sufficient to support a finding

_____

a cross-claim against Ms. Hardy, noting that Ms. Hardy had received items from Mr. Meadows that were not identified or listed by Mr. Meadows in his divorce from respondent. Respondent alleged that any such transactions were as fraudulent to respondent as they were to petitioner. In the event that respondent was found liable to petitioner, she sought indemnity from Ms. Hardy. Respondent sought to have any transfers made to Ms. Hardy set aside. Further, respondent sought attorney's fees and costs. Notably, Mr. Meadows's estate is not a party to this appeal.

[7] West Virginia Code § 40-1A-4 provides, in relevant part:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(1) With actual intent to hinder, delay or defraud any creditor of the debtor; or
(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation[.]

that respondent received the property with the intent to hinder, obstruct, and defraud creditors such as the petitioner. We disagree.

At the outset, we concur with the circuit court's finding that the transfer of real property in this case was presented to, and approved by, the family court, which is a court of competent jurisdiction. Despite petitioner's overtures to the contrary, petitioner has not referenced any evidence, and there is no evidence in the record, to suggest that the transfer of real property from Mr. Meadows to Ms. Meadows was done so as to hinder, delay, or defraud a creditor such as petitioner, an essential element of petitioner's claim.[8] We have long held that:

> "[s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove." Syllabus point 4, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

Syl. Pt. 5, *Toth v. Bd. of Parks & Recreation Comm'rs*, 215 W. Va. 51, 593 S.E.2d 576 (2003).

Inasmuch as petitioner has failed to make a sufficient showing on an essential element he has the burden to prove, the record taken as a whole could not lead a rational trier of fact to find in favor of petitioner. Thus, we find that the circuit court did not err by granting respondent's motion for summary judgment.

In petitioner's second assignment of error, he argues that the circuit court erred when it granted respondent's motion for summary judgment without conducting a hearing.[9] Petitioner essentially argues that since Rule 56 of the West Virginia Rules of Civil Procedure references the word "hearing" multiple times, the circuit court was required to hold a hearing prior to ruling on the motion. Although petitioner argues that a hearing should have been held prior to the issuance of any ruling, petitioner is silent as to any precedent that would require such a hearing.[10] Moreover,

---

[8] Inasmuch as petitioner appears to argue that the transfer was fraudulent because respondent intended to hinder, obstruct, and defraud creditors, we will not endeavor to address the remaining elements in the statute.

[9] Per the record, the circuit court was very familiar with this matter when it entered its summary judgment order, as the circuit court judge had previously conducted multiple hearings in the companion action, including a bench trial as to petitioner's original complaint against Mr. Meadows.

[10] Petitioner failed to cite a single case in support of this assignment of error. This omission is in direct contradiction of Rule 10 of the West Virginia Rules of Appellate Procedure. Moreover, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, the Court specifically noted that "[b]riefs that lack citation of authority" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain

petitioner does not suggest that additional discovery was needed prior to the court's consideration of the motion for summary judgment, nor does petitioner suggest that he intended to offer any opposing affidavit or material for the court's consideration. We caution that

> [a]n appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment.

Syl. Pt. 4, in part, *State v. Myers,* 229 W. Va. 238, 728 S.E.2d 122 (2012) (internal quotations and citations omitted).

Here, petitioner has not met his burden of showing error in the judgment of which he complains. Thus, we conclude that petitioner's second assignment of error is without merit.

For the foregoing reasons, we affirm the circuit court's May 7, 2018, order.

Affirmed.

**ISSUED:** November 4, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins

**DISQUALIFIED:**

Justice John A. Hutchison

---

appropriate and specific citations to the record on appeal . . . ' as required by Rule 10(c)(7)" are not in compliance with this Court's rules.

5